OPINION
Appellant Channing Marshall appeals a judgment of the Richland County Common Pleas Court convicting him of burglary (R.C. 2911.12 (A)(3)):
 "I. THE COURT COMMITTED PLAIN ERROR IN ALLOWING FINGERPRINT TESTIMONY AND EXHIBITS INTO EVIDENCE BECAUSE THERE WAS NO EVIDENCE OF SCIENTIFIC RELIABILITY.
 "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO OBJECT TO THE OPINION RENDERED BY THE CRIME LAB TECHNICIANS."
At 10:30 a.m. on August 15, 2001, Victoria Higgins left her apartment in Mansfield to go to a retirement party. When she left the apartment, her porch light was turned off, and she left a window cracked. When she returned at approximately 2:00 p.m., her porch light was turned on, her front door was open, and her T.V. and VCR were missing. She noticed that the screen by the window was broken.
When police arrived on the scene, they noticed that an end table, which Ms. Higgins had cleaned the day before with Pledge, had palm prints on it. A technician from the crime lab, Lawrence Reindl, came to the scene and was able to lift a palm print off the table. The table was located near the window, and it appeared someone had leaned on it to catch their balance after entering through the window. Appellant's palm print was later determined to match the palm print taken from the end table.
Appellant was indicted by the Richland County Grand Jury with burglary. The case proceeded to jury trial in the Richland County Court of Common Pleas. Following trial, appellant was convicted as charged and was sentenced to five years incarceration, and ordered to make restitution in the amount of $400 to Victoria Higgins.
 I
Appellant argues that the court committed plain error in allowing Lawrence Reindl to testify that in the history of mankind, no two people have ever been found to have the same fingerprints, thumb prints, palm prints, or toe prints. Tr. 113. Appellant failed to object to this comment at trial, but now argues that this statement was not supported by evidence of scientific reliability.
Appellant did not object to Mr. Reindl's qualification as an expert witness on the subject of fingerprint identification. Nor does appellant assign error on appeal to the qualification of Mr. Reindl as an expert witness in the area of finger print identification. Reindl testified that he had worked as a crime lab technician in the Mansfield Crime Lab for ten years. He obtained an associate degree in criminology from North Central Technical College. He had attended classes on crime scene searches and evidence recovery, advanced latent fingerprint techniques, advanced palm print identification, latent fingerprint photography, fingerprint expert testimony, and administrative advanced forensic latent fingerprint procedures. He further testified that he had worked on hundreds of crime scenes. Based on this evidence, it is apparent that the court did not err in allowing Reindl to testify as an expert witness. Having qualified as an expert, the court did not commit plain error in allowing him to testify that no two persons have been found to have the same prints. Appellant's objection to the testimony on appeal goes to the weight to be given the evidence, not to its admissibility.
The first assignment of error is overruled.
 II
Appellant argues that counsel was ineffective for failing to object to Reindl's expert opinion, as discussed in assignment of error I.
Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceeding would have been different. Id.
Appellant has not demonstrated that had counsel objected to the expert testimony of Lawrence Reindl, the objection would have been sustained. As discussed in assignment of error I, Mr. Reindl was qualified as an expert in the area of fingerprint identification, and any challenge to his testimony concerning the likelihood of a match goes to the weight to be given the evidence, and not its admissibility.
The second assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.